

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00145-CV

_____

HALTOM CITY ECONOMIC DEVELOPMENT CORPORATION, Appellant

V.

KENT FLYNN, D/B/A FLYNN & COMPANY, AND D/B/A SFC SERVICES, Appellee

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-276438-15

Before Sudderth, C.J.; Pittman and Bassel, JJ.
Memorandum Opinion by Justice Pittman

## MEMORANDUM OPINION

In this interlocutory accelerated appeal, Appellant Haltom City Economic Development Corporation (HC EDC), a Type B economic development corporation, challenges the trial court's denial of its plea to the jurisdiction. In one issue, HC EDC argues that it is entitled to governmental immunity from suit. Because HC EDC does not independently possess governmental immunity, we affirm.

## BACKGROUND

Appellee Kent Flynn, d/b/a Flynn & Company, and d/b/a SFC Services, sued HC EDC alleging that it had failed to pay him amounts owed to him under a contract between them. HC EDC answered and filed a plea to the jurisdiction asserting its entitlement to governmental immunity from suit on the ground that it is engaged in governmental services on behalf of the City of Haltom City. After a hearing, the trial court denied HC EDC's plea to the jurisdiction, and it now appeals.

## DISCUSSION

### I. The Development Corporation Act Governs the Creation and Powers of EDCs.

The Development Corporation Act (the Act), codified in the Texas Local Government Code, allows a municipality to create an economic development corporation (an EDC). Tex. Loc. Gov't Code Ann. §§ 505.001–507.202. A municipality may use an EDC to issue bonds on the municipality's behalf "to finance the cost of a project, . . . to promote and develop new and expanded business

enterprises for the promotion and encouragement of employment and the public welfare." *Id.* § 501.006. A municipality may not, however, lend its credit or grant public money in aid of an EDC except under a contract authorized by Texas Local Government Code section 380.002. *Id.* § 501.007 (prohibiting a "unit" from giving public money to a corporation except as provided in section 380.002), § 501.002(17) (defining "unit" to include a municipality); *see id.* § 380.002 (allowing a home-rule municipality to contract with an EDC to grant it public money for specified purposes).

Section 505.106(b) of the Act provides that for purposes of the Texas Tort Claims Act, a Type B EDC "is a governmental unit and the corporation's actions are governmental functions." *Id.* § 505.106(b). Section 505.106(a) provides that EDCs "are not liable for damages arising from the performance of a governmental function of a Type B [EDC] or the authorizing municipality." *Id.* § 505.106(a) (emphasis added).

Under the Act, the state and its governmental subdivisions retain their police powers over an EDC's property. *Id.* § 501.009. The Act specifically prohibits a municipality from "delegate[ing] to [an EDC] any of the [municipality's] attributes of sovereignty, including the power to tax, the power of eminent domain, and the police power." *Id.* § 501.010. And the Act specifies that an EDC "is not a political subdivision . . . for purposes of the laws of this state." *Id.* § 501.055(b).

## II.     EDCs Do Not Have Immunity from Suit.

HC EDC argues that it should be protected by governmental immunity from suit because justifications for governmental immunity—"preserv[ing] separation-of-powers principles by preventing the judiciary from interfering with the legislature's prerogative to allocate tax dollars" and "protect[ing] the government and its officials and employees from the time and costs of litigation"—apply to HC EDC.  It further contends that "EDCs are or should be entitled to common law governmental immunity" under section 505.106(b) of the Act.

In an opinion issued after the parties filed their briefs in this case, the Supreme Court of Texas rejected the arguments HC EDC makes on appeal.  In *Rosenberg Development Corp. v. Imperial Performing Arts, Inc.*, the Court held that EDCs "are not governmental entities in their own right and therefore are not entitled to governmental immunity."  No. 17-0660, 2018 WL 7572497, at *1 (Tex. Mar. 8, 2019).  After reviewing the Act, it concluded that the Legislature did not intend for an EDC "to have discrete governmental-entity status separate and apart from its authorizing municipality" and that the Act "evinces clear legislative intent that an economic development corporation is not an arm of state government."  *Id.* at *8, *9.  It determined that section 505.106 of the Act "does not purport to grant immunity"; instead "subsection (a)'s plain terms only seek to limit an [EDC]'s liability for certain remedies," and "subsection (b) merely imports the Texas Tort Claims Act's limitations on liability and damages."  *Id.* at *6.  And it stated that "granting immunity to [EDCs]

4

is not necessary to satisfy the political, pecuniary, and pragmatic policies underlying our immunity doctrines." *Id.* at *9. The Court concluded by stating that, considering the Act as a whole, "the Legislature did not authorize municipalities to create [EDCs] as distinct governmental entities entitled to assert immunity in their own right." *Id.* at *10.

Following *Rosenberg*, we hold that HC EDC does not independently possess governmental immunity. *See id.* Accordingly, we overrule HC EDC's sole issue.

## CONCLUSION

Having overruled HC EDC's sole issue, we affirm the trial court's order denying HC EDC's plea to the jurisdiction.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Delivered: March 21, 2019